1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFF J. HANCOCK,

      Plaintiff,

  v.

CHIEF OF CORRECTION EDWARD C.
FLORES, et al.,

      Defendants.
_____/

No. C 09-06082 CW (PR)

ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND

INTRODUCTION

    Plaintiff, a state prisoner currently incarcerated at the
California Training Facility (CTF), has filed a <u>pro se</u> civil rights
action pursuant to 42 U.S.C. § 1983 alleging that Defendants were
deliberately indifferent to his serious medical needs.  He seeks
monetary damages.

    His motion for leave to proceed <u>in forma pauperis</u> has been
granted.

    Venue is proper because the events giving rise to the claim
are alleged to have occurred at the Santa Clara County Jail, which
is located in this judicial district.  <u>See</u> 28 U.S.C. § 1391(b).

DISCUSSION

I.  Standard of Review

    A federal court must conduct a preliminary screening in any
case in which a prisoner seeks redress from a governmental entity
or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.
§ 1915A(a).  It its review, the court must identify cognizable
claims and dismiss any claims that are frivolous, malicious, fail

to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle, 429 U.S. at 104).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards

United States District Court
For the Northern District of California

2

that risk by failing to take reasonable steps to abate it.   <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Plaintiff's allegation that he suffers from "Post-Traumatic Epilepsy with associated Grand Mal seizures," supports an inference that he has serious medical needs.  (Compl., Attach. at 2.) Liberally construed, Plaintiff's allegations that the medical staff at Santa Clara County Jail failed to provide adequate medical treatment for his illness -- while he was housed there from August 8, 2003 through September 10, 2003 -- would state a cognizable deliberate indifference claim.

Specifically, Plaintiff claims that on August 8, 2003, "Correctional Officer Doe #1," the intake booking officer, "failed to note the anti-seizure medication necessary to maintain the plaintiff's health . . . ."  (<u>Id.</u>)  Plaintiff also claims that "Nurse Doe #2 conducted a nursing assessment at approximately the same time correctional staff was booking Plaintiff."  (<u>Id.</u>)  He claims, "Defendants Doe #1 and Doe #2 knew Plaintiff had seizures through verbal inquiry during intake/booking."  (<u>Id.</u> at 10.)  He also claims, "Defendants knew through Plaintiff's previous incarceration of 2/9/2000 that his condition stemmed from a fractured skull in 1999, and that he suffered from Grand Mal seizures which were controlled by the injestion [sic] of the anti-seizure medication Dilantin."  (<u>Id.</u>)  However, Plaintiff claims Defendants did not provide him with his anti-seizure medication. (<u>Id.</u> at 9.)

Plaintiff claims that, on August 9, 2003 at 11:00 AM, "the failure of correctional staff to provide Plaintiff's anti-seizure medication for his serious medical need caused Plaintiff to suffer

United States District Court
For the Northern District of California

a Grand Mal seizure, fall off of his bunk [bed] striking his head
abruptly on the concrete cell floor, causing nerve damage which
permanently impaired his hearing and mobility (balance) . . . ."
(Id. at 4, 9.)  He was found unconscious on the cell floor, and
taken to the "jail hospital," and then released on August 10, 2003
after he was "prescribed an unfamiliar medication and his balance
was irregular."  (Id. at 4.)

        On August 14, 2003, Plaintiff "complained of a bitten toungue
[sic] he'd suffered during a seizure on 8/9/03."  (Id.)  He also
informed his physician that he had not yet received his "prescribed
anti-seizure medication since [his] incarceration."  (Id.)

        On September 10, 2003, Plaintiff was transferred to Elmwood
Men's Facility in Milpitas, California.  (Id.)  Thereafter,
Plaintiff was transferred to several other prisons before he was
finally transferred to Salinas Valley State Prison in 2008 and then
eventually to CTF.  (Id.)

        Liberally construed, Plaintiff's allegations present a
cognizable Eighth Amendment claim for deliberate indifference to
his serious medical needs.  However, Plaintiff identifies
"Correctional Officer Doe #1" and "Nurse Doe #2" as those who were
present and participated in the deliberate indifference to his
serious medical needs, and whose names he intends to learn through
discovery.  The use of Doe defendants is not favored in the Ninth
Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.
1980).  However, where the identity of the defendants cannot be
known prior to the filing of a complaint the plaintiff should be
given an opportunity through discovery to identify them.   Id.

4

United States District Court
For the Northern District of California

Failure to afford the plaintiff such an opportunity is error. <u>See</u>
<u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, the Eighth Amendment claim for deliberate
indifference against the Doe defendants is DISMISSED without
prejudice.  Should Plaintiff learn their identities, he may move to
file an amended complaint to add them as named defendants.  <u>See</u>
<u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1195-98 (9th Cir.
2003).

III. Supervisory Liability Claim

In addition to naming "Correctional Officer Doe #1" and "Nurse
Doe #2," Plaintiff also names "Santa Clara County Chief of
Correction Edward C. Flores" in his supervisory capacity.  A
supervisor may be liable under § 1983 upon a showing of
(1) personal involvement in the constitutional deprivation or (2) a
sufficient causal connection between the supervisor's wrongful
conduct and the constitutional violation.  <u>Redman v. County of San</u>
<u>Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation
omitted).  Here, Plaintiff has alleged neither.

Accordingly, Plaintiff's supervisory liability claim against
Defendant Flores is DISMISSED with leave to amend.  Plaintiff may
file an amended supervisory liability claim if he can truthfully
allege facts meeting the standards explained above.

IV.  Exhaustion

Another question which must be answered before Plaintiff can
proceed with any claims for monetary damages is whether he has
exhausted available administrative remedies with respect to his
claims.

United States District Court
For the Northern District of California

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he filed suit, even if the prisoner fully exhausts while the suit is pending. <u>See</u> <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." <u>Id.</u> at 524; <u>Booth v. Churner</u>, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. <u>Id.</u> at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. <u>See Porter</u>, 534 U.S. at 525.

A prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir.), <u>cert. denied</u>, 124 S. Ct. 50 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has

United States District Court
For the Northern District of California

conceded that he did not exhaust administrative remedies.  <u>Id.</u>

Plaintiff states that administrative remedies were "unavailable due to [his] transfer to state prison." (Compl. at 2.)  He also claims that he "didn't know [he] suffered a permanent injury while [he] was incarcerated in county jail." (<u>Id.</u>)  He "requested a grievance from the county while in prison, [but] they said you have to be currently in custody in the Santa Clara County Jail." (<u>Id.</u>)  It thus appears from the face of the complaint that he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  Therefore, his claims are subject to dismissal. If Plaintiff did exhaust his administrative remedies with respect to his claims before filing this action, he may amend his complaint to so allege, as set forth below.  Otherwise, the action will be dismissed without prejudice to refiling after exhausting his administrative remedies.  <u>See</u> <u>McKinney</u>, 311 F.3d at 1199-1201.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's Eighth Amendment claim for deliberate indifference against the Doe Defendants is DISMISSED without prejudice.  Plaintiff may move to file an amended complaint to add them as named defendants once he has learned their identities.

2.  Plaintiff's supervisory liability claim against Defendant Flores is DISMISSED with leave to amend if he can truthfully allege facts meeting the standards explained above.

3.  If Plaintiff did exhaust his administrative remedies with respect to his claims before filing this action, he may amend his complaint to so allege.  Otherwise, the action will be dismissed without prejudice to refiling after exhausting his administrative

7

remedies.

4.    Within <u>thirty (30) days</u> from the date of this Order Plaintiff may file an amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- C 09-06082 CW (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  The failure to file an amended complaint will result in the dismissal of this action without prejudice.

5.    The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

DATED: 11/30/2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JEFF J HANCOCK,

             Plaintiff,

  v.

SANTA CLARA COUNTY et al,

             Defendant.
_____/

Case Number: CV09-06082 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 30, 2010, I SERVED a true and correct copy(ies) of the attached and **blank civil rights form**, by placing said copy(ies) and **blank civil rights form** in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) and **blank civil rights form** into an inter-office delivery receptacle located in the Clerk's office.

Jeff J. Hancock
V-49474
CTF North - LB - 111L
P.O. Box 705
Soledad, CA 93960

Dated: November 30, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California