IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF J. HANCOCK,<br><br>    Plaintiff,<br><br>  v.<br><br>CHIEF OF CORRECTION EDWARD C. FLORES, et al.,<br><br>    Defendants._____/ | No. C 09-06082 CW (PR)<br><br>ORDER OF DISMISSAL AND ADDRESSING PENDING MOTION |

    Plaintiff, a state prisoner currently incarcerated at the California Training Facility, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that jail officials at the Santa Clara County Jail were deliberately indifferent to his serious medical needs.

    In an Order dated November 30, 2010, the Court reviewed his complaint and dismissed it with leave to file an amended complaint within thirty days.  Plaintiff was instructed to amend his claims to correct various deficiencies, including his apparent failure to exhaust all administrative remedies.  The Court stated:

> Plaintiff states that administrative remedies were "unavailable due to [his] transfer to state prison." (Compl. at 2.)  He also claims that he "didn't know [he] suffered a permanent injury while [he] was incarcerated in county jail." (Id.)  He "requested a grievance from the county while in prison, [but] they said you have to be currently in custody in the Santa Clara County Jail." (Id.)  It thus appears from the face of the complaint that he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  Therefore, his claims are subject to dismissal.  If Plaintiff did exhaust his administrative remedies with respect to his claims before filing this action, he may amend his complaint to so allege, as set forth below.  Otherwise, the action will be dismissed without prejudice to refiling after exhausting his administrative remedies.  See McKinney, 311 F.3d at 1199-1201.

(Nov. 30, 2010 Order at 7.)

Plaintiff then filed a document entitled, "Ex Parte Application for Enlargement of Time," in which he states that he has "made multiple attempts to obtain a county jail grievance form in order to exhaust administrative remedies prior to filing this civil matter." (Pl.'s Dec. 17, 2010 Mot. at 1.) Specifically, he states that he "made three previous requests for a county jail grievance form in order to exhaust administrative remedies, to no avail." (Id. at 2.) He further states that he "needs time to obtain the identities of the above mentioned Doe Defendants and the county grievance form . . . ." (Id.) He claims that he "will again attempt to obtain the grievance form along with the names of the DOE Defendants named above, possibly by filing a FRCP 37(a) motion with this Court." (Id. at 1.)

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner

2

suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94 (2006).

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" relating to their confinement.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

Here, instead of submitting proof that he exhausted his administrative remedies with respect to his claims before filing this action, Plaintiff requests an extension of time to exhaust his claims. Thus, Plaintiff has conceded that he had not exhausted his administrative remedies at the time he filed his original complaint. Plaintiff has not presented any extraordinary circumstances which might permit him to be excused from complying with PLRA's exhaustion requirement. Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)). Accordingly, Plaintiff's "Ex Parte Application for Enlargement of Time" (docket no. 14) is DENIED, and the complaint is DISMISSED without prejudice to refiling after exhausting his administrative remedies. See McKinney v. Carey, 311 F.3d 1198,

1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

    The Clerk of the Court shall enter judgment in accordance with this Order, terminate all pending motions and close the file.

    This Order terminates Docket no. 14.

    IT IS SO ORDERED.

Dated: 1/7/2011

CLAUDIA WILKEN  
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JEFF J HANCOCK,

        Plaintiff,

  v.

SANTA CLARA COUNTY et al,

        Defendant.

Case Number: CV09-06082 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeff J. Hancock
V-49474
CTF North - LB - 111L
P.O. Box 705
Soledad, CA 93960

Dated: January 7, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk