IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF J. HANCOCK,<br><br>      Plaintiff,<br><br>  v.<br><br>CHIEF OF CORRECTION EDWARD C. FLORES, et al.,<br><br>      Defendants.              / | No. C 09-06082 CW (PR)<br><br>ORDER DENYING MOTION TO SET ASIDE JUDGMENT OF DISMISSAL<br><br>(Docket no. 18) |

    Plaintiff, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that jail officials at the Santa Clara County Jail were deliberately indifferent to his serious medical needs.  Thereafter, the Court dismissed the complaint with leave to amend and instructed Plaintiff to correct various deficiencies, including his apparent failure to exhaust all administrative remedies.  Docket no. 13.

    Plaintiff then requested an extension of time to exhaust his administrative remedies.  On January 7, 2011, the Court dismissed the complaint for the reason that, by requesting an extension of time to exhaust his administrative remedies, Plaintiff was conceding that administrative remedies were not exhausted at the time he filed his complaint.  Accordingly, the Court dismissed the complaint without prejudice to Plaintiff's filing a new complaint after exhausting his administrative remedies.  See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit).

//

    Now pending is Plaintiff's motion to set aside the judgment of dismissal to allow him to obtain subpoenas that will enable him to file an amended complaint. Specifically, Plaintiff states that in order to file an amended complaint he must discover the identities of Does 1 and 2, whom Plaintiff identified in his complaint as a correctional officer and Nurse who failed to provide him with adequate medical care.

    Plaintiff's motion is DENIED. The complaint was dismissed for failure to exhaust administrative remedies. As Plaintiff has not presented any reason why the Order dismissing the complaint on that ground should be set aside, Plaintiff is not entitled to file an amended complaint in this closed action.

    This Order terminates Docket no. 18.

    IT IS SO ORDERED.

Dated: 2/2/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2